UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARA L KRUEGER,<br><br>    Petitioner,<br><br>    v.<br><br>MIKE PALLARES,<br><br>    Respondent. | Case No. 21-cv-06145-HSG<br><br>**ORDER DENYING REQUEST FOR APPOINTMENT OF COUNSEL**<br><br>Re: Dkt. No. 6 |

Petitioner has requested appointment of counsel, stating that an attorney is needed because she is indigent; she was represented by appointed counsel in state courts; she has been granted *in forma pauperis* status; the issues are complex including both procedural and substantive law' the case is serious; she does not understand the legal issues, she cannot undertake additional investigation for the jury selection claim if that becomes necessary; and she is unable to respond to a motion or answer filed by Respondent's counsel. Dkt. No. 6. Petitioner's request is DENIED for the following reasons.

The Sixth Amendment right to counsel does not apply in habeas corpus actions. *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes a district court to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is within the discretion of the district court. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). The courts have made appointment of counsel the exception rather than the rule by limiting it to: (1) capital cases; (2) cases that turn on substantial and complex procedural, legal or mixed legal and factual questions; (3) cases involving uneducated or mentally or physically impaired petitioners; (4) cases likely to require the assistance of experts either in

1  framing or in trying the claims; (5) cases in which the petitioner is in no position to investigate
2  crucial facts; and (6) factually complex cases. *See generally* 1 J. Liebman & R. Hertz, Federal
3  Habeas Corpus Practice and Procedure § 12.3b at 383-86 (2d ed. 1994).  Appointment is
4  mandatory only when the circumstances of a particular case indicate that appointed counsel is
5  necessary to prevent due process violations. *See Chaney*, 801 F.2d at 1196. The Court has
6  reviewed the record and finds that due process does not require appointment of counsel in this
7  case. The Court therefore exercises its discretion and DENIES Petitioner's request for
8  appointment of counsel without prejudice to *sua sponte* appointing counsel if circumstances so
9  require.

This order terminates Dkt. No. 6.

**IT IS SO ORDERED.**

Dated: 1/7/2022

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge